IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil No. 1:26-mc-2 |
| ) | |
| RUIZ & ASSOCIATES, INC., ) | |
| ) | |
| Respondent. ) | |

**MOTION FOR ORDER TO SHOW CAUSE**

The United States respectfully moves the Court for an order to show cause why Ruiz & Associates, Inc. should not be held in contempt of court for its failure to comply with a subpoena *duces tecum*, issued in *United States v. Salvador Ruiz*, Case No. 1:06-cv-87 (S.D. Ohio) (the "Underlying Action"), which commanded the production of documents. Attached in support of this motion is the Declaration of Daniel Applegate and the accompanying Exhibits A through D, including the declaration of a process server.

**I. Background**

In the Underlying Action, on February 28, 2006, the United States obtained, pursuant to a stipulation between the parties, a Final Judgment of Permanent Injunction permanently barring Salvador Ruiz, and anyone acting in concert with him, from, in part, "[p]roviding federal income tax services or preparing or assisting in the preparation of federal income tax returns for others." *See United States v. Salvador Ruiz*, ECF No. 2 at ¶ 3, Case No. 1:06-cv-87 (S.D. Ohio). That final judgment further ordered that the "United States is permitted to engage in post-judgment discovery to ensure compliance with the permanent injunction." (*See id*. at ¶ 4.)

1

Presently, the United States is investigating whether Ruiz is complying with the terms of the permanent injunction. (Declaration of Daniel Applegate ("Applegate Decl.") ¶ 1.) The United States seeks records from Ruiz's business, Ruiz & Associates, Inc., pertaining to Ruiz's involvement with the preparation of tax return. This includes documents identifying the owners and employees of Ruiz & Associates, Inc., their job duties, and their salary and wages; copies of tax returns that Ruiz & Associates, Inc. prepared for customers; related files containing the documentation used or relied on to prepare tax returns, in order to verify the information reported on those tax returns; documents identifying the IRS-issued identification numbers on tax returns that Ruiz & Associates, Inc. prepared, filed, or assisted in preparing; documents showing fees paid to, and income received by, Ruiz & Associates, Inc., and paid to any owner or employee of Ruiz & Associates, Inc., for preparing, filing, or assisting in preparing a tax return, and identifying the bank accounts where this income was deposited; documents identifying each individual or entity for whom Ruiz & Associates, Inc. prepared a tax return; documents showing the provider of the tax preparation software Ruiz & Associates, Inc. used to prepare or file tax returns; correspondence related to Ruiz & Associates, Inc.'s preparation of tax returns; and documents identifying all owners, managers, and employees of Ruiz & Associates, Inc. who have prepared, filed, or assisted in preparing or filing federal tax returns. These records, including financial records, are relevant to identifying the services that Ruiz is providing for compensation, including preparing, filing, or assisting in the preparing of tax returns. These records should also identify the individuals or entities paying Ruiz for such services and which third-parties may be contacted to discuss Ruiz's activities. Finally, should Ruiz be violating the injunction, these same financial records will be necessary to determine some of the possible contempt sanctions the Court may issue. *See, e.g.*, *United States v. Ireland*, 2019 WL 3759533,

at *3 (E.D. Mich. July 24, 2019) (ordering the disgorgement of tax preparation fees received when preparing returns in violation of an injunction and awarding attorney's fees and costs); *United States v. Simmons*, 2025 WL 769791, at *4 (E.D. Mich. Mar. 11, 2025) (entering contempt sanctions after ordering the defendant to produce records showing the income he made while violating the injunction).

As part of that effort, on September 22, 2025, the United States issued a subpoena *duces tecum* to Ruiz's business, Ruiz & Associates, Inc., on September 22, 2025 seeking records that may be relevant. (Applegate Decl. ¶ 2, Ex. A.) The subpoena required Ruiz & Associates, Inc. to produce specific documents from the period January 1, 2018, to the present on October 27, 2025, at 10:00 a.m. at the United States Attorney's Office in Cincinnati, Ohio. (*Id*.) Alternatively, responsive documents could be sent by mail or email, if possible.

At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice and other federal government agencies expired, and appropriations to the Department lapsed. The lapse in funding continued until appropriations were restored on November 13, 2025. Due to the lapse in appropriations, undersigned counsel was furloughed from October 1, 2025 through November 12, 2025. (*Id*. at ¶ 7.)

Up until November 23, 2025, Ohio Secretary of State records identified Salvador Ruiz as the registered agent of Ruiz & Associates, Inc., with an address of 309 Dover Court, Lebanon, OH 45036 where the registered agent could be served during normal business hours. Tax returns that Ruiz & Associates, Inc. prepares and files with the IRS, including in 2025, also identify this address as its business address. (*Id*. at ¶¶ 3-4, Ex. B.) A process server attempted to serve Ruiz at this address but was unable to do so because it was a residence and Ruiz was not there.

Ultimately, the server located Ruiz at 3345 Lady Palm Dr., Mason, OH 45040 and served him with the subpoena on October 23, 2025. (*Id*. at ¶ 5, Ex. C)

Ruiz responded to the subpoena on Octboer 27, 2025 and produced a mere 15 pages of documents and no electronically stored information on behalf of Ruiz & Associates, Inc. Many of these documents were not responsive to the subpoena. Ruiz stated that he sold the house at 309 Dover Court in 2017. (*Id*. at ¶ 6.)

On November 17, 2025, following the end of the government shutdown, the United States mailed a letter to Ruiz & Associates, Inc. at the address where Ruiz was served with the subpoena, informing it that if it did not fully comply with the subpoena on or before December 8, 2025, the United States would file a motion with the court. This letter also informed Ruiz & Associates that a server attempted service on "Ruiz, your registered agent, at 309 Dover Court, Lebanon, Ohio, 45036," and that "[s]ervice was eventually made at 3345 Lady Palm Drive, Mason, Ohio 45040 after unsuccessful attempts at the Dover Court address." Further, the letter explained that although "Ruiz claims that he 'sold this place [the Dover Court house]' in 2017," Ruiz & Associates, Inc. "provided this address to the State of Ohio as the location where Mr. Ruiz is present during regular business hours to receive service of process." Finally, the letter further noted that the "Dover Court address is also listed as the address of Ruiz & Associates, Inc. on tax returns filed by Ruiz & Associates, Inc. up to and including in 2025." The letter further identified the various categories of records that were not produced and enclosed another copy of the subpoena as a courtesy. (*Id*. at ¶ 8, Ex. D.)

The letter explicitly identified some, but not all, of the subpoenaed categories of records that were <u>not</u> produced including:

- Request 5, which seeks all federal tax returns prepared by Ruiz & Associates, Inc. since January 1, 2018.

- Request 6, which seeks all customer files related to those tax returns containing the documents supporting claims made on those tax returns.

- Requests 7 and 8, which seek correspondence with customers regarding the preparation of their tax returns and transmission of documents related to the preparation of their tax returns, including text messages and other electronically stored information.

- Requests 12, 13, and 17, which seek financial information showing the amounts that you received for the preparation of tax returns and the amounts paid to owners, managers, and employees for preparing or filing tax returns.

- Request 14, which seeks documents identifying customers for whom Ruiz & Associates, Inc. prepared a tax return.

- Requests 15 and 16, which seek documents showing the providers or licensors of tax preparation software that you used to prepare and file tax returns, and identifying the tax refund processor or the providers or licensors of any "bank products" (including debit cards, loans, same day tax refunds, refund anticipation loans, refund advances, or similar products) that you used in connection with preparing and filing tax returns.

- Request 18, which seeks documents showing the bank accounts where such funds paid to Ruiz & Associates, Inc. were deposited.

- Request 19, which seeks documents identifying those at Ruiz & Associates, Inc. who have prepared or filed, or assisted in preparing or filing, tax returns

(*Id*. at ¶ 8, Ex. D.) To be clear, Ruiz & Associates, Inc. failed to produce documents responsive to other requests as well, but these specific categories were highlighted in the letter because no responsive documents whatsoever were provided in response to those requests.

Ruiz & Associates, Inc. did not respond to that letter or produce any additional records in response to the subpoena. (*Id*. at ¶ 9.) Instead, on November 23, 2025, Ruiz & Associates, Inc.

merely filed a notice with the Ohio Secretary of State changing its registered agent's address. (*Id*. at ¶ 10.)

The United States has been prejudiced by Ruiz & Associates, Inc.'s failure to respond to the subpoena. The United States is attempting to investigate whether Ruiz is, and has been, violating the injunction entered in the Underlying Action. Moreover, tax filing season is scheduled to begin in late January 2026. Although Ruiz is barred from preparing tax returns, if he has been ignoring that Court order, it is expected that he will continue to flout that order in 2026 unless the Court takes action to coerce Ruiz's compliance with its order. Ruiz & Associates, Inc. is unreasonably preventing the government from further investigating Ruiz's actions and delaying any potential contempt proceeding. The United States is entitled to inquire about and obtain documents from Ruiz's business, Ruiz & Associates, Inc., about Ruiz's possible involvement with tax return preparation. It is not burdensome to produce the requested information and documentation, and this material is relevant to the United States' investigation into Ruiz's compliance with the injunction.

## II. Argument

A subpoena issued under Rule 45 may command "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides . . . ." Fed. R. Civ. P. 45(c)(2)(A). "The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). *See also Retail Serv. Sys., Inc. v. Penuel*, 2015 WL 12734087, at *2 (S.D. Ohio Jan. 13, 2015) ("Under Rule 45(g), a court may hold in contempt a person who fails 'without adequate excuse' to obey a subpoena or an order related to it. Fed. R. Civ. P. 45(g).").

"Civil ... contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). This includes "compel[ling] compliance with a subpoena." *Smith v. Pefanis*, 652 F. Supp. 2d 1308, 1339 (N.D. Ga. 2009). Once a court determines that a subpoena or court order has been violated, it may impose both coercive and compensatory sanctions as a civil remedy. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947). A district court has broad discretion in using its contempt powers to assure compliance with its orders. *Shillitani v. United States*, 384 U.S. 364, 370 (1966). In imposing compensatory sanctions, "[t]he measure of the court's power in civil contempt proceedings is determined by the requirements of full remedial relief." *FTC v. Leshin*, 719 F.3d 1227, 1231 (11th Cir. 2013) (internal quotation marks omitted). A party seeking civil contempt must prove, by clear and convincing evidence, that the defendant violated a court order. *United States v. Conces*, 507 F.3d 1028, 1041-42 (6th Cir. 2007). The order must be "definite and specific," with any ambiguities resolved in favor of the person charged with contempt. *Grace v. Center for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir. 1996). The moving party does not have to show that the violation is intentional; contempt occurs whenever a party fails to comply with a valid order of the court, whether that failure is intentional or not. *McComb*, 336 U.S. at 191. Once the United States has met its burden of showing that a party did not comply with the order, the responding party bears the burden of showing that compliance is impossible and is "obliged to make this showing 'categorically and in detail.'" *Conces*, 507 F.3d at 1043; *United States v. Rylander*, 460 U.S. 752, 757 (1983).

    **A. Ruiz & Associates, Inc. was Properly Served with the Subpoena and is in Contempt.**

7

In this case, the United States served Ruiz & Associates, Inc. with a valid subpoena *duces tecum*, requiring it to produce documents on October 27, 2025. The subpoena specifically identifies a date and place for compliance and the attachment to the subpoena identifies, in detail, the specific records it seeks. Because Ruiz & Associates, Inc., through Salvador Ruiz, provided a woefully incomplete response to the subpoena, providing no electronically stored information whatsoever and no responsive documents whatsoever to nearly all of the document requests, the United States followed up with a letter to Ruiz & Associates, Inc. on November 17, 2025, requesting that it produce responsive documents by December 8, 2025. Applegate Decl. ¶ 8, Ex. D. Ruiz & Associates, Inc. ignored its obligation under Rule 45 and did not produce any additional responsive documents. *Id*. at ¶ 9.

The subpoena is a valid and enforceable court order. Ruiz & Associates, Inc. refused to comply with that order to produce documents. Therefore, the United States respectfully requests that the Court enter an order directing Ruiz & Associates, Inc. to show cause why it should not be held in contempt of court, and hold Ruiz & Associates, Inc. in contempt until it fully complies with the subpoena.

**B. The Court Should Fine Ruiz & Associates, Inc. Until it Fully Complies with the Subpoena.**

Upon a finding of civil contempt, a fine or other remedy is necessary to force Ruiz & Associates, Inc.'s full compliance with the subpoena. The court may impose both coercive and compensatory sanctions. *United States v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947); *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 557 (6th Cir. 2006) ("The district court has inherent authority to fashion the remedy for contumacious conduct."). Civil contempt is coercive in nature and is entered to achieve full compliance with the court's order or

to compensate a party for losses or damages sustained by reason of the contemnor's noncompliance. *Maggio v. Zeitz*, 333 U.S. 56, 67-68 (1948); *United Mine Workers*, 330 U.S. at 303-04. When devising sanctions to ensure compliance with its order, a court should consider "the character and magnitude of the harm threatened by continued contumacy and the probable effectiveness of any suggested sanction in bringing about the result desired." *United Mine Workers*, 330 U.S. at 304. As courts have recognized, a valid and enforceable civil contempt order is a per diem fine for each day a contemnor fails to comply with an affirmative court order. *See International Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994); *United States v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999); *United States v. Work Wear Corp.*, 602 F.2d 110, 115 (6th Cir. 1979) ("Civil contempt is meant to be remedial and to benefit the complainant either by coercing the defendant to comply with the Court's order via a conditional fine or sentence or by compensating the complainant for any injury caused by the defendant's disobedience."). This includes a daily fine of $5,000 imposed against an entity based, in part, on "the corporate character" of the party which requires a larger fine to "provide[] the necessary impetus to [] finally comply with the summons." *United States v. Darwin Constr. Co.*, 873 F.2d 750, 756 (4th Cir. 1989). *See also United States v. Open Access Tech. Int'l, Inc.*, 527 F. Supp. 2d 910, 913 (D. Minn. 2007) ("The prospect of a large fine is necessary to prod this recalcitrant defendant into compliance, particularly in light of OATI's large financial resources.").

  A daily fine of $5,000 or more against Ruiz & Associates, Inc. is appropriate. A fine must have the effect of coercing Ruiz & Associates, Inc. to fully comply with the Court's order. Ruiz & Associates, Inc. is a corporation and it therefore most likely has a greater capacity than an

9

individual to pay a fine.[1] A coercive fine imposed daily in the amount of $5,000 until Ruiz & Associates, Inc. fully complies with the subpoena by producing all responsive documents is appropriate and necessary to coerce its compliance.

If daily fines ultimately do <u>not</u> coerce Ruiz & Associates, Inc.'s compliance after a reasonable period (such as 21 days), the Court should consider other civil contempt remedies. This should include incarcerating a member of Ruiz & Associates, Inc. until such time as it fully complies with the subpoena. Incarceration is a valid civil contempt remedy once a party has been found in contempt in a prior court order. *See Bagwell*, 512 U.S. at 840-41 (Scalia, J., concurring) (discussing incarceration on a finding of civil contempt at common law "if the order requires performance of an identifiable act"); *United States v. Conces*, 507 F.3d 1028, 1041-44 (6th Cir. 2007); *Vito*, 2022 WL 3336440 at *1; *United States v. McLean*, 2025 WL 1448943, at *2-4 (D. Minn. Apr. 18, 2025), *report and recommendation adopted*, 2025 WL 1446824 (D. Minn. May 20, 2025).

## Certification of Compliance with S.D. Ohio Civ. R. 37.1

As explained above and in the Declaration of Daniel Applegate, the United States made reasonable efforts to resolve the matters set forth in this motion. Because the resolution of this matter requires the filing of a new proceeding against Ruiz & Associates, Inc., and the futility of previous attempts to resolve this matter (including the discovery disputes with Salvador Ruiz that are ripe for consideration in the Underlying Action), no further attempts were made.

---

[1] Although we cannot provide more detail concerning Ruiz & Associates, Inc.'s income and assets, even the *threat* of an impending large fine memorialized in a court order may be coercive and compel its immediate and full compliance.

Dated: January 2, 2026            Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General,
Tax Litigation Branch

 s/ Daniel A. Applegate
DANIEL A. APPLEGATE (MI Bar No. P70452)
Trial Attorney, Tax Litigation Branch
Civil Division, U.S. Department of Justice
P.O. Box 7238, Washington, D.C. 20044
Telephone: (202) 353-8180
Fax: (202) 514-6770
daniel.a.applegate@usdoj.gov

Of counsel:
DOMINICK S. GERACE II
United States Attorney

Attorneys for the United States

**CERTIFICATE OF SERVICE**

      I certify that on January 2, 2026, the foregoing United States' Motion for Order to Show Cause was filed through the Court's CM/ECF system and served by United States mail, postage prepaid, to the following:

Ruiz & Associates, Inc.
c/o Salvador Ruiz, Registered Agent
3345 Lady Palm Dr.
Mason, OH 45040

                                                       *s/ Daniel A. Applegate*
                                                       DANIEL A. APPLEGATE
                                                       Trial Attorney, Tax Division